United States District Court
Southern District of Texas

**ENTERED**

June 18, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BRADEN GROUP B.V. and BRADEN AMERICAS, INC., | § § § § | |
| *Plaintiffs,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-626 |
| | § | |
| ENERGYLINK CORPORATION d/b/a ENERGYLINK INTERNATIONAL, | § § § | |
| | § | |
| *Defendant.* | § § | |

**ORDER**

Pending before the Court is Defendant EnergyLink Corporation and EnergyLink International Inc.'s ("Defendant" or "EnergyLink") Motion for Judgment on the Pleadings on Plaintiffs' Unfair Competition Claim. (Doc. No. 49). Plaintiffs Braden Group B.V. and Braden Americas, Inc. ("Plaintiffs" or "Braden") filed a response. (Doc. No. 53). EnergyLink filed a reply (Doc. No. 54), and Braden filed a surreply (Doc. No. 55). Upon examining the pleadings and the applicable law, the Court DENIES the motion for the following reasons.

## I.    Background

In its Second Amended Complaint, Braden alleges copyright infringement against EnergyLink, alleging that EnergyLink's reproduced, distributed, and prepared derivative works based on Braden's alleged proprietary engineering drawings. (Doc. No. 44 at 1). The engineering drawings allegedly concerned innovative selective catalytic reduction systems ("SCR") and related solutions that help gas turbine systems generate cleaner power and reduce emissions. (*Id.*). Braden alleges that it owns all of the right, title, and interest, including the copyright, in the fifteen engineering drawings at issue. Braden alleges that in or around 2018, former employees of

Braden's predecessor-in-interest Innova Global Ltd. ("Innova") left Innova and formed EnergyLink. Braden believes that EnergyLink, or these former employees who formed EnergyLink, intentionally and unlawfully took copies of the engineering drawings from Innova and improperly reproduced, distributed, and prepared derivative works using the drawings.

In addition to alleging copyright infringement, Braden brings several claims for declaratory judgment based on copyright ownership, as well as a claim for unfair competition under Texas law. This claim for unfair competition is the heart of the present motion. The claim alleges that EnergyLink has "approximately 600 boxes of paper documents, as well as electronic documents from Innova Global Ltd." (*Id.* at 17). Braden alleges that EnergyLink's use and possession of the documents contained in the approximately 600 boxes has interfered and will continue to interfere with Braden's business prospects and operations.

In EnergyLink's answer, EnergyLink denies the allegations, seeks declaratory judgment of no trade secret misappropriation, and countersues for defamation, business disparagement, tortious interference with prospective business relationships, unfair competition, and false advertising. (Doc. No. 48).

EnergyLink additionally filed this motion for judgment on the pleadings of Braden's unfair competition claim (Count V). (Doc. No 49). EnergyLink argues that the claim is preempted by the federal Copyright Act.

## II.    Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To

defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.  Analysis

In its motion, EnergyLink contends that Braden's state law claim for unfair competition, is preempted by federal copyright law. (Doc. No. 49). Braden disagrees.  While the fifteen specified engineering drawings would certainly fall within the subject matter of copyright, Braden argues that the 600 amorphous boxes do not because they are *tangible* assets that EnergyLink has exploited and failed to return. (Doc. No. 53 at 5).

Courts in the Fifth Circuit apply a two-part test to determine whether a state law claim is preempted by the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 101. *Motion*

*Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 773 (5th Cir. 2017). First, the Court must ask "whether the intellectual property at issue is within the subject matter of copyright." *Id*. If it is, the Court should find preemption if the state law claim protects "rights in that property that are equivalent to any of the exclusive rights within the general scope of copyright." *Id*.

i.    **Subject Matter of Copyright**

Section 301 of the Copyright Act preempts state protection of works that fall within the scope of copyright, "regardless whether the works are actually afforded protection under the Act." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 656 (5th Cir. 2017). In other words, the intellectual property at issue need not necessarily be protected by copyright law for preemption to apply—it just needs to fall within the general subject matter of copyright.

Section 102 of the Copyright Act provides that "works of authorship include…pictorial, graphic, and sculptural works." 17 U.S.C. § 102. Section 101 defines "pictorial, graphic, and sculptural works" to include technical drawings. *Ultraflo*, 845 F.3d at n.3. The Fifth Circuit has held that design and engineering drawings are clearly within the subject matter of copyright. *See id.* (citing *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (treating engineering drawings as copyrightable); *see also M–I LLC v. Stelly*, 733 F.Supp.2d 759, 782 (S.D. Tex. 2010) (holding that the tool designs, drawings, and specifications at issue fall within the subject matter of copyright). The Fifth Circuit has also held that "useful articles," while excluded from copyright protection, fall within the subject matter of copyright for preemption purposes because allowing state law to protect such works would "undermine the 'deliberate exclusion' of such subject matter from the federal copyright scheme." *Ultraflo,* 845 F.3d at 657 (citing *Spear Mktg. v. BancorpSouth Bank*, 791 F.3d 586, 596 (5th Cir. 2015)).

4

The subject matter inquiry requires the Court to determine "what intellectual property [the plaintiff] is seeking to protect." *Ultraflo,* 845 F.3d at 656. Here, Braden's unfair competition claim is based on approximately 600 boxes of paper documents and electronic documents from Innova. Braden has provided no more information regarding the contents of these documents, though they seem to be distinct from the fifteen engineering drawings, which are known and identified. While Braden certainly alleges copyright infringement for the fifteen engineering drawings (and thus any tort claim based on them would be preempted), it does not allege that the 600 boxes of documents contain engineering drawings.[1]

As previously discussed, the Fifth Circuit has indicated that design and engineering drawings, technical specifications, schematics, and "useful articles" fall within the subject matter of copyright. Although it is possible that the 600 boxes contain these kinds of documents, the parties have not offered any evidence (or allegations) regarding the contents of the boxes. They have not characterized or sorted the documents into workable categories that would allow the Court to assess whether contents of the boxes fall within the subject matter of copyright. In fact, it appears that EnergyLink has not supplemented its discovery responses or produced any of the at-issue documents. (Doc. No. 53 at 4). Thus, it is completely unknown to the Court what kinds of documents are at issue, or whether the documents can be characterized as design and engineering drawings, technical specifications, schematics, and useful articles that in all likelihood would be preempted. Accordingly, this Court cannot say as a matter of law that these amorphous boxes of

---

[1]Since the contents of the boxes and the uses of the documents are unknown, Braden characterizes its claim for unfair competition as more of a conversion action than one based in copyright.

documents, with their contents and uses unknown, fall within the subject matter of copyright.[2] As such, the Court must deny EnergyLink's motion for judgment on the pleadings. (Doc. No. 49).

### IV. Conclusion

Since the parties have provided no categorization, characterization, or indication as to the contents of the 600 boxes of paper documents that were allegedly used in Innova's business, the Court cannot say as a matter of law that the 600 boxes of paper documents fall within the subject matter of copyright. Accordingly, the Court hereby DENIES EnergyLink's motion for judgment on the pleadings. (Doc. No. 49). The second amended complaint remains the operative complaint in this action.

Signed at Houston, Texas, this ___ day of June, 2024.

Andrew S. Hanen
United States District Judge

---

[2] While the parties spend most of their briefings discussing the second step in the preemption analysis—equivalent rights—the Court cannot reach that question without addressing the first step. Further, the Court cannot say that Braden "conceded" this element as EnergyLink proposes. (Doc. No. 54 at 1). Rather, neither party has given the Court any information regarding these documents, so the Court's analysis is limited to what is alleged in the second amended complaint. (Doc. No. 44). The second amended complaint merely states that these boxes were "used in Innova Global Ltd.'s business." Any number of documents may be used in a company's business without falling in the subject matter of copyright. Still, the Court cautions the parties about basing a claim on such voluminous documents. If the parties have yet to sort through the 600 boxes, then the likelihood that a jury can do so is slim.